[No. 6,148.]

# COLLINS *v.* SULLIVAN.

CONVEYANCE — FRAUD — CONSIDERATION — JURY TRIAL — EVIDENCE — WILL.—
The defendant (who was the sole devisee under an alleged will of T. C.)
obtained from the plaintiff—the father and sole heir of T. C.—a deed for
his interest in the estate; the consideration paid being about one-sixteenth
of its value. In an action to set aside the deed, the Court below refused
to allow the plaintiff a jury trial, or to prove that on a trial of a contest of
the will, occurring before the deed was made, the jury stood on the first bal-
lot nine, and on the second ballot eleven, against the validity of the will;
or to prove, by witnesses dealing in real estate, what they would have paid
for the property with the will as a cloud upon it: or to prove that the testa-
tor was incompetent when he executed the will (the plaintiff excepting to
all the rulings); and found that the deed was not procured by fraud or false
representations. *Held,* on appeal, that there was no error, and judgment
and order affirmed.

APPEAL from a judgment for the defendant, and from an
order denying a new trial, in the Third District Court, City
and County of San Francisco. DAINGERFIELD, J.

The facts are stated in the opinion and in the syllabus.

*L. Quint, E. C. Marshall,* and *C. W. Kendall,* for Appel-
lant.

The Court erred in refusing to allow plaintiff a jury to pass
upon the issues involved in the case (Story's Eq. Jur. §§ 72-3);
also, in excluding the evidence as to how the jury stood on
the contest of the will; and the evidence as to the value of the
property, with the will as an incumbrance upon it; and the
evidence as to the condition of the testator's mind, when he
executed the will.

The Court was not warranted in its decision as to the valid-
ity of the purchase and deed. The evidence shows that the
property was worth at least $10,000; that the grantor was an
old man, of at least ninety-five years of age; that he was in
indigent circumstances; that he was influenced and controlled
by the defendant's son, by the representations made to him,
by his immediate wants and necessities, and also by the im-
portunities and superior will of his wife. (Civ. Code, §§ 1567,

1572, 1573, 1575, 1689; Story's Eq. Jur. (12th ed.) § 192, note 7, §§ 193, 193*a*, 234–239, 246 ; Kerr on Frauds, 187–190 ; *Taylor* v. *Taylor*, 8 How. 183 ; *Butler* v. *Haskell*, 4 Desaus. Eq. [S. C.] 650 ; *Underwood* v. *Brockman*, 4 Dana, 310 ; *Ames* v. *Satterfield*, 5 Ired. Eq. [N. C.] 178 ; 5 Hayw. [Tenn.] 550 ; *Freeland* v. *Eldridge*, 19 Mo. 325 ; *Whitehorn* v. *Hines*, 1 Munf. 557 ; *Allore* v. *Jewell*, 4 Otto, 506.)   As to "catching bargains with heirs," see Story's Eq. Jur. §§ 334–337.

*John M. Burnett*, and *Wilson & Wilson*, for Respondent.

The findings establish that the plaintiff was of sufficient mental capacity to understand, and did understand, the deed; that he was of sufficient mental capacity to make contracts; that he consulted friends, relatives, and counsel, prior to the execution of the deed; that he could by ordinary diligence have learned all the particulars with regard to the will and property, even had he not been informed of such particulars by Francis J. Sullivan on behalf of defendant; that no false or fraudulent representations were made as to the value of the property, or the chances of the plaintiff to recover the same; and that he was only about eighty-six years of age.   The subject-matter of the negotiation was, not the property itself, but the ending of the litigation over the will.   The whole thing was pithily expressed by Mrs. Collins, when she said, "It was better for them to have £100, than the chances of a lawsuit in America."   The plaintiff knew that the defendant claimed the property under the will, and the parties dealt at arm's length. (*Ellis* v. *Andrews*, 56 N. Y. 83; *Starr* v. *Bennett*, 5 Hill, 303; *Fenton* v. *Newcome*, 14 Vesey, 144; *Gordon* v. *Parmelee*, 2 Allen, 212; *Mooney* v. *Miller*, 102 Mass. 217; *Medbury* v. *Watson*, 6 Met. 259; *Holbrook* v. *Conner*, 60 Me. 578.)

An instrument cannot be set aside, except by proof of actual fraud.   (*Jackson* v. *King*, 4 Cowen, 207.)   The Court did not err in refusing a jury.   (*Cahoon* v. *Levy*, 4 Cal. 294; Hilliard's Eq. Jur. 355.)   The Court did not err in excluding the testimony as to the probate jury; or as to the value of the property, with the will upon it as an incumbrance; or in ex-

cluding testimony as to the sanity of the testator, when the will was made. The question of the validity of the will could only be made in the Probate Court.

Department No. 2, MYRICK, J. :

This is an action to set aside a deed executed by plaintiff to defendant. Thomas Collins died, leaving real estate to the value of about $8,000. A paper, purporting to be the will of deceased, was offered for probate. By the terms of the will, the property was devised to defendant, who was named executor. Plaintiff was the father and only heir of deceased. There was a contest in the Probate Court as to the validity of the will, made by a nephew. The jury failed to agree. Thereupon defendant sent his son to Ireland, the residence of the plaintiff, and obtained from him a deed of the real estate, paying him therefor $500 ; and this suit is to set aside that deed. Evidence was offered upon both sides as to what transpired relating to the execution of the deed. The Court found that the deed was not obtained by fraud, or any false or fraudulent misrepresentations whatever, or undue influence. Not only are we concluded by that finding in this case, there being a substantial conflict in the evidence, but we are of opinion that the evidence sustains the finding.

Plaintiff, on the trial, offered to prove by jurors that on the trial in the Probate Court, upon the first ballot, nine of the jurors were against the validity of the will and three in favor ; and on a subsequent ballot eleven were against and one in favor—not for the purpose of affecting the proposed will, but for the purpose of. enabling the Court to arrive at the probable value of the property " with what might be a cloud on the title." Plaintiff also offered to prove by several witnesses, dealing in real estate, that they knew Thomas Collins in his lifetime ; knew the property and the contest,. and what they would be willing to pay for the property " with the will as a cloud upon it." This testimony was objected to, and the objection sustained.

We do not see how any of this testimony was admissible. It is quite immaterial in this case how the jury stood in the Pro-

bate Court. On the next trial they may all be for the will or against it, as the proofs shall be made.

The jurors were not called to testify as to the facts, but as to their deductions from the testimony given ; and their opinions were entitled to no more weight than those of any other twelve persons of equal intelligence. We do not know of any rule by which the value of real estate, as affected by a lawsuit, may be proven. The law knows of no such experts. Such testimony can be nothing more than mere guess. We see no error in the record.

Defendant had judgment in the Court below ; plaintiff moved for a new trial, which was denied, and plaintiff appealed.

Judgment and order affirmed.

THORNTON, P. J., and SHARPSTEIN. J.. concurred.